UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMUD MOHAMED,<br><br>      Plaintiff,<br><br>   v.<br><br>R. GONZALES,<br><br>      Defendant. | No. 2: 17-cv-1773 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's amended motion to compel. (ECF No. 35.) In this motion, defendant seeks an award of monetary sanctions for plaintiff's submission of untimely responses to discovery requests. For the reasons stated herein, defendant's motion is denied.

Defendant's Motion

On July 12, 2018, the court issued a discovery and scheduling order. (ECF No. 31.) This order provided that the parties could conduct discovery until November 2, 2018. (Id. at 5.) This order stated that all requests for discovery pursuant to Federal Rule of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to November 2, 2018. (Id.) This order also provided that responses to written discovery requests were due within forty-five days after the request is served. (Id. at 4.)

On August 31, 2018, defendant mailed plaintiff a request for production of documents, interrogatories and requests for admissions, set one. (ECF No. 35-2 at 1.) The discovery requests advised plaintiff that his responses were due within forty-five days from the date of service of these requests. (Id. at 5, 10, 13.) Plaintiff's responses to these requests were due on October 18, 2018, i.e., forty-five days to respond plus three days for service by mail. See Fed. R. Civ. P. 6(d).

On September 25, 2018, a non-party inmate sent a letter to defense counsel asking for an extension of time until November 14, 2018 to respond to the written discovery because plaintiff was waiting to obtain medical documents. (ECF No. 35-2 at 2.) On October 3, 2018, defense counsel sent plaintiff a letter granting plaintiff until October 23, 2018, to respond to the requests for productions and interrogatories. (Id.) Defense counsel did not agree to any extension of time to respond to the requests for admissions because plaintiff did not require medical records to respond to this request. (Id.)

On November 1, 2018, defense counsel deposed plaintiff. (ECF No. 32-1 at 1.) At the conclusion of the deposition, defense counsel asked plaintiff why he did not respond to the discovery requests. (Id.) Plaintiff told defense counsel that he thought he had responded, but was not sure. (Id.) Defense counsel told plaintiff to re-send the discovery responses, if he found that he sent them at all, with the original proof of service. (Id. at 2.) Defense counsel told plaintiff that she would not provide him with a request for an extension of time to respond to the requests for admissions, but that he could respond to the interrogatories and request for production of documents no later than November 7, 2018. (Id.)

After receiving no response to the discovery requests, defendant filed a motion to compel on November 15, 2018. (ECF No. 34.) On November 20, 2018, defense counsel received a response to the discovery requests. (ECF No. 35-2 at 2.) The proof of service for plaintiff's responses indicates that they were mailed on November 12, 2108. (Id. at 30.) Attached to plaintiff's responses was a document titled "Request for Stipulation on Extension of Time to Comply with the Discovery Requests." (Id. at 25.) In this document, signed by plaintiff on September 25, 2018, plaintiff requested until November 14, 2018 to provide his responses to the discovery requests because he needed medical records. (Id. at 26.) In a letter dated November

12, 2018, provided with the responses, plaintiff wrote "per the attached stipulation ...I was under the impression that the discovery responses were due on 11/14/18." (Id. at 28.)

Defense counsel did not find any of plaintiff's late responses to be deficient. (Id. at 2.)

In the amended motion to compel, defendant seeks an award of attorneys' fees of $765. In her declaration, defense counsel states that she spent four and a half hours on the motion to compel and amended motion to compel, which included corresponding with plaintiff regarding the written discovery responses, reviewing the history of discovery-related correspondence, and drafting both motions. (Id. at 2.) Defense counsel alleges that the total attorneys' fees incurred as a result of her time on this matter is $765. (Id.)

Plaintiff's Opposition

In his opposition, plaintiff argues that his responses were timely for several reasons. First, plaintiff claims that he was not aware of the court imposed forty-five days deadline to respond to discovery requests. (ECF No. 36 at 2.) Second, plaintiff claims that he sent defense counsel his stipulation for an extension of time in September 2015, but she failed to respond. (Id.) Plaintiff then claims that he re-sent defense counsel the stipulation on October 3, 2018, and she again failed to respond. (Id.) Plaintiff then assumed that defense counsel agreed with the stipulation granting him until November 14, 2018 to submit his responses. (Id.) Plaintiff also claims that he never received defense counsel's letter dated October 3, 2018. (Id. at 5.)

Plaintiff also argues that the discovery was not served on him sixty days prior to November 2, 2018, as required by the scheduling order. Finally, plaintiff argues that defendant failed to meet and confer with him regarding the discovery requests.

Discussion

Rule 37(a)(5)(A) provides that if the requested discovery is provided after a motion to compel is filed, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

3

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The record clearly demonstrates that plaintiff did not provide defendant with timely responses to discovery requests. Defense counsel granted plaintiff extensions of time to submit responses to the request for production of documents and interrogatories in the October 3, 2018 letter and at the conclusion of his deposition. Defense counsel did not grant plaintiff an extension of time to submit his responses to the requests for admissions. Plaintiff mailed his discovery responses on November 12, 2018, i.e., five days after the deadline granted by defense counsel at the deposition.

The undersigned is not persuaded by plaintiff's arguments that he believed he had until November 14, 2018, to submit his responses. Plaintiff's self-serving claim that on two occasions, he mailed defense counsel the stipulation granting him until November 14, 2018, to submit his responses is not supported by any evidence. It is clear that defense counsel did not receive the stipulation until it arrived with the discovery responses. In addition, in the opposition, plaintiff appears to conflate the stipulation with the letter sent by the third party on plaintiff's behalf on September 25, 2018. Defense counsel received the September 25, 2018 letter, to which she responded in the October 3, 2018 letter.

Plaintiff's claim that he did not know about the forty-five days deadline for responding to discovery requests is not credible. The discovery and scheduling order clearly contained this information. In addition, the discovery requests also informed plaintiff that he had forty-five days from the date of service to respond. The fact that plaintiff sought an extension of time, through a third party, to serve his responses undermines his argument that he did not understand the discovery deadline.

The undersigned is also not persuaded by plaintiff's claim that he did not receive counsel's October 3, 2018 letter granting him until October 23, 2018 to respond. This letter contains plaintiff correct mailing address.

4

Finally, plaintiff's argument that defendant served the discovery requests later than sixty days prior to November 2, 2018, is without merit. Defendant's discovery requests were timely served.

Accordingly, defendant is entitled to an award of attorneys' fees unless plaintiff meets one of the three exceptions for an award of fees set forth above.

*Did Defense Counsel Make a Good Faith Attempt to Obtain Discovery Without Court Action?*

Defense counsel made a good faith attempt to obtain responses to the request for production of documents and interrogatories, before filing the first motion to compel, by granting plaintiff two extensions of time to submit responses to these requests.

The undersigned observes that the requests for admissions asked plaintiff to admit facts which contradict the allegations in the complaint.[1] The undersigned is troubled by the use of "gotcha" requests for admissions and defense counsel's failure to grant plaintiff an extension of time to respond to these requests. While plaintiff may not have required medical records to respond to these requests, plaintiff clearly sought an extension of time to submit his responses to the request for admissions. For these reasons, the undersigned finds that defense counsel's failure to grant plaintiff an extension of time to respond to the "gotcha" requests for admissions did not constitute a good faith attempt to obtain the discovery without a court order. For this reason, defense counsel is not entitled to attorneys' fees for the work performed as to the requests for admissions.

*Was Plaintiff's Failure to Timely Respond Substantially Justified?*

Plaintiff has not shown that his failure to provide timely responses to the request for production of documents and interrogatories was substantially justified.

*Do Other Circumstances Make an Award of Attorneys' Fees Unjust?*

The undersigned now turns to whether other circumstances make an award of attorneys'

---

[1] Plaintiff alleges that on December 5, 2016, defendant Gonzales used excessive force when he took plaintiff to the ground, without cause. (ECF No. 1 at 3.) Request for admissions No. 11 states, "Officer Gonzales did not force you down to the ground on December 5, 2016." (ECF No. 35-2 at 16.)

fees unjust, with respect to the interrogatories and request for production of documents.

As discussed above, plaintiff's claim that he believed his discovery responses were due on November 14, 2018 is not credible. However, plaintiff mailed his responses on November 12, 2018, which was five days after the November 7, 2018 deadline defense counsel granted plaintiff at the deposition. Therefore, the responses were not significantly late. Unfortunately, defense counsel did not receive these responses until after she filed the first motion to compel on November 15, 2018. The undersigned also observes that defense counsel did not find any of the responses deficient. For these reasons, an award of attorneys' fees is unjust.

In addition, plaintiff's trust account statement, submitted when plaintiff filed this action, indicates that plaintiff would be unable to pay the fees sought by defense counsel. (ECF No. 5.) Were the undersigned to order plaintiff to pay the fees, plaintiff would be subject to further sanctions, including evidentiary sanctions or dismissal of this action in whole or in part, if he did not pay the fees. Based on the circumstances of the pending motion to compel, it is unjust to set plaintiff up for these more drastic sanctions by ordering a monetary sanction he cannot afford.

While defendant's request for an award of attorneys' fees is denied, plaintiff is cautioned that if he again disregards court ordered deadlines, the undersigned will not hesitate to impose appropriate sanctions.

Accordingly, for the reasons discussed above, defendant's amended motion to compel is denied.

Request for Admissions

In the motion to compel, defendant argues that plaintiff's untimely response to the requests for admissions means that these requests are admitted. Federal Rule of Civil Procedures 36(a)(3) provides that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(e) is self executing." Federal Trade Commission v. Medicor LLC, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002).

////

1    As discussed above, the undersigned is troubled by defense counsel's failure to grant

2    plaintiff an extension of time to submit responses to these "gotcha admissions."  However,

3    despite defense counsel's failure to grant plaintiff an extension of time, plaintiff could have

4    sought an extension from the court.  For these reasons, the undersigned finds that plaintiff's

5    requests for admissions are deemed admitted because the responses were untimely.

6    However, Federal Rule of Civil Procedure 36(b) permits plaintiff to file a motion to

7    withdraw the matters admitted.  The court may permit the withdrawal of the admission if it would

8    promote the presentation of the merits of the action and if the court is not persuaded that it would

9    prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ.

10   P. 36(b).

11   Plaintiff is granted thirty days to file a motion to withdraw the matters deemed admitted in

12   the untimely responses to the requests for admissions.

13   Accordingly, IT IS HEREBY ORDERED that:

14   1.  Defendant's amended motion to compel (ECF No. 35) is denied;

15   2.  Plaintiff is granted thirty days from the date of this order to file a motion, pursuant to

16   Federal Rule of Civil Procedure 36(b), to withdraw the matters deemed admitted in the untimely

17   responses to the requests for admissions.

18   Dated:  May 6, 2019

19

20   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

21

22

23

24   Moh1773.com

25

26

27

28